John R. Dowell Franklin County Attorney New Courts Building 301 South Main Ottawa, Kansas 66067
Dear Mr. Dowell:
You have requested our opinion regarding the sufficiency of a notice of the right to protest a tax levy increase for a recreation commission when some of the language of the notice does not purport to extend that right to all of those affected by the increased levy. We are informed that the levy remained unquestioned by affected voters until approximately one year after the increase.
As per our agency policy, we limit our response to the specific questions asked and thus we address the sufficiency of the notice only as to the issue of identification of electors having the right to protest.
The facts you present are as follows: The Ottawa Recreation Commission (hereinafter, ORC) is a joint entity created by the City of Ottawa and Unified School District No. 290 (U.S.D. No. 290) pursuant to K.S.A. 2002 Supp. 12-1926. U.S.D. No. 290 encompasses all of the City of Ottawa as well some surrounding area in Franklin County.
More than five percent of the persons within the ORC live outside the City of Ottawa. The ORC mill levy prior to 2001 was four mills, pursuant to a resolution which was first published July 27, 2000. That resolution states in part as follows:
 "Whereas the provisions of K.S.A. 12-1927 and amendments thereto, to [sic] provide for such an increase, subject to a petition of the voters for a referendum thereon; . . .
. . . .
 "Be it further resolved, that this resolution shall be published once each week for two consecutive weeks in the official Ottawa newspaper and that an amount not exceeding said maximum mill levy may be levied by the Recreation Commission unless a petition requesting an election upon the proposition, signed by at least five percent of the qualified voters of the Unified School District 290 shall be filed with the county election officer within 30 days following the date of the last publication of this resolution.
 "Passed, by the Board of Education of Unified School District No. 290, on this 24th day of July 2000.
 "Be it resolved, by the Board of Education of Unified School District No. 290."[1]
Subsequently, in 2001, U.S.D. No. 290 published a notice of its intent to impose a five mill tax levy for ORC purposes. This notice is substantially the same as the 2000 notice except that instead of the emphasized language above (i.e., of the Unified School District 290), the 2001 notice stated "of the City of Ottawa."[2] In effect, some of the language of the 2001 notice purports to limit who can petition for an election on the mill levy to those qualified voters within the ORC who are also qualified voters of the City of Ottawa. Affected persons outside of the City of Ottawa have questioned the fact that (according to some of the language of the notice) they cannot participate in a petition upon the proposition.
In November of 2001, the regular tax notices were sent to all persons in Ottawa County, including those residing in the ORC. This notice did not specifically show an increase for the ORC, but did show an increase from which, upon questioning the County Treasurer, an affected voter could have learned that the increase was for the ORC. Nevertheless, questioning by affected voters regarding the ORC levy increase did not begin until the fall of 2002.
Your first question concerns the form such a notice must take when a recreation commission is comprised in part of a city and in part of areas of the surrounding county not within the city. To the extent that K.S.A. 2002 Supp. 12-1927 requires notice, it appears clear that notice must be given to all affected qualified voters. The 2000 notice appears sufficient in this regard as it does notify all the required persons. We note that the statutes and case law do not specify the exact language to be employed.
Your second question concerns the effect of a defective notice. We do not reach this question because we determine that while the 2001 notice is ambiguous, it is not legally defective. While the body of the notice advises that only the voters of the City of Ottawa can petition, the statute cited in the notice (i.e. K.S.A. 2002 Supp. 12-1927, and amendments thereto) specifies that all qualified voters of the taxing district may petition. Because K.S.A. 2002 Supp. 12-1927 does not specify exact language when giving notice under this provision, we believe citation to the statute may be sufficient. Thus, the ambiguity does not require correction especially in light of the fact that had a concerned voter examined the statute, that individual would have realized that the statute provides petition rights to any qualified voters within the taxing district, which would include any within the territory of U.S.D. No. 290.
Since we determine that the ambiguity creates no legal defect, we do not reach the question you ask regarding how the Clerk can remedy any defect, or of the Clerk's liability in assessing and collecting the increased levy.
In conclusion, we wish to emphasize that this decision is limited by the facts presented, and specifically we note that this is not a case involving the notice required for a special election on a bond issue, where both the courts and this office have noted in the statutory particularity of the notice required, a legislative intent for extremely strict adherence to statutory notice requirements, and where such ambiguity as is present in this situation, might be fatal.[3]
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Ralph J. De Zago Assistant Attorney General
PK:JLM:RJD:jm
[1] Emphasis added.
[2] Emphasis added.
[3] See Attorney General Opinion No. 2003-22.